IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY MARK COLE,

      Petitioner,                    No. CIV S-09-2549 LKK DAD P

     vs.

PEOPLE OF THE STATE OF CALIFORNIA,

      Respondents.             ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his amended petition, the sole federal habeas claim submitted by petitioner is that his conviction was obtained in violation of his right against self-incrimination.

        On January 26, 2010, respondent filed a motion to dismiss the petition on the ground that petitioner failed to properly exhaust his sole federal habeas claim by first fairly presenting it to the highest state court.  Petitioner did not filed any opposition to the motion.  Accordingly, on March 10, 2010, the court issued an order to show cause and directed petitioner to file and serve an opposition to respondent's motion within twenty-one days.  In response to the court's order, petitioner filed a letter with the court explaining that he wished to proceed with this action but was unaware that he could not raise "new grounds" in his petition.  Petitioner

1

requested an extension of time to file an amended petition containing claims for relief that he had exhausted on direct appeal in state court. On April, 2, 2010, the court discharged its order to show cause and instructed petitioner to either (1) file an opposition to respondent's motion to dismiss explaining when he presented his sole federal habeas claim to the California Supreme Court, or (2) file a second amended petition that included claims that he previously exhausted on direct appeal in state court.

Petitioner has since filed a second amended petition. In his second amended petition, petitioner does not assert his claim regarding self-incrimination but rather asserts four claims regarding the erroneous admission of evidence, the improper imposition of an aggravated term and consecutive sentence, and a violation of his right to a fair trial. According to petitioner's form petition, it appears that he has exhausted each of these claims on direct appeal.

Under these circumstances, the court will deny respondent's motion to dismiss as moot. In addition, since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, the court will direct respondent to file a response to petitioner's second amended petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's January 26, 2010 motion to dismiss (Doc. No. 16) is denied as moot;

2. Respondent is directed to file a response to petitioner's April 23, 2010 second amended habeas petition within sixty days from the date of this order. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer; and

/////

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

DATED: April 28, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole2549.moot