IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARK COLE,

    Petitioner,                    No. CIV S-09-2549 LKK DAD P

    vs.

KATHY ALLISON, Acting Warden,    ORDER AND

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 2010, the undersigned ordered respondent to file a response to the petition. On June 24, 2010, respondent filed a motion to dismiss, arguing that petitioner's federal habeas application is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the claims in petitioner's second amended petition fail to relate back to any timely presented claims. Petitioner has not filed an opposition to that motion to dismiss.[1]

---

[1] On August 9, 2010, the court issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within thirty days and warning petitioner that failure to do so could result in a recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). In response to the court's order, petitioner filed a motion for a ninety-day extension of time. On September 1, 2010, the undersigned granted petitioner's request in part and

1

## BACKGROUND AND PROCEDURAL HISTORY

On January 31, 2005, a Sacramento County Superior Court jury found petitioner guilty of lewd and lascivious acts upon a minor child in violation of California Penal Code § 288(a). Pursuant to that conviction, on March 11, 2005, petitioner was sentenced to twelve years in state prison. On November 20, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. On December 6, 2006, petitioner filed a petition for rehearing. On December 19, 2006, the California Court of Appeal granted the petition for rehearing and affirmed the judgment once more but remanded the matter to the Sacramento County Superior Court with direction to amend the abstract of judgment to reflect that petitioner was not sentenced pursuant to California's two strikes law. (Resp't's Lodged Docs. 1, 9-11.)

On January 23, 2007, petitioner filed a petition for review in the California Supreme Court. On April 11, 2007, the California Supreme Court granted the petition and deferred the matter pending further order of the court. On September 12, 2007, the California Supreme Court remanded the matter to the California Court of Appeal with directions to vacate its decision and reconsider the matter in light of the decisions in People v. Black, 41 Cal.4th 799 (2007) and People v. Sandoval, 41 Cal.4th 825 (2007). On December 18, 2007, the California Court of Appeal affirmed petitioner's judgment once more. On January 28, 2008, petitioner filed another petition for review in the California Supreme Court. On March 12, 2008, the California Supreme Court denied review. Petitioner then filed a petition for writ of certiorari in the United States Supreme Court. On October 6, 2008, the United States Supreme Court denied that petition. (Resp't's Lodged Docs. 12, 14-15, 18-21, 26.)

/////

/////

---

ordered him to file an opposition to the pending motion to dismiss within sixty days. That time period has long since passed, and petitioner has still not filed an opposition. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

Under the mailbox rule,[2] on August 21, 2009, petitioner commenced this action by filing with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the following four claims: (1) he never received his Miranda warnings before speaking with a detective, and parts of their conversation were later used at his trial to convict him; (2) the trial court admitted speculative evidence of him using "meth" and denied him a fundamentally fair trial; (3) the trial court improperly admitted evidence that petitioner possessed methamphetamine with intent to sell it; and (4) the trial court improperly admitted evidence that petitioner told a detective that he possessed drugs for sale.  On September 21, 2009, this court dismissed that petition, granting petitioner leave to file an amended petition naming the proper respondent.  On September 23, 2009, petitioner filed an amended petition, asserting only his first claim for relief, namely, that he never received his Miranda warnings before speaking with a detective and that parts of their conversation were later used at his trial to convict him.  On October 27, 2009, the court ordered respondent to file a response to the amended petition.

On January 26, 2010, respondent filed a motion to dismiss the amended petition based upon petitioner's alleged failure to exhaust the claim for relief presented in the amended petition by fairly presenting it to the California Supreme Court before filing this federal habeas action.  Because petitioner had not filed an opposition to that motion, the court issued an order to show cause and ordered him to file an opposition to that motion to dismiss within twenty-one days.  Petitioner responded to the court's order by filing a letter explaining that he wished to proceed with this action but was not aware that he could not raise "new grounds" (i.e., unexhausted grounds) in his federal petition.  Petitioner also noted that he wanted an extension of time to file a petition containing grounds for relief he had exhausted on direct appeal in state court.  On April 2, 2010, this court advised petitioner that if he had not presented his sole federal habeas claim to the California Supreme Court as respondent argued in the motion to dismiss, he

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

1  had not satisfied the exhaustion requirement with respect to his claim and would not be able to
2  proceed on his amended petition.  The court also advised him petitioner that if, on the other hand,
3  he had fairly presented his sole federal habeas claim on direct appeal, he could proceed in this
4  action but would need to file an opposition to respondent's motion.  Finally, the court instructed
5  petitioner to either file a request to amend his petition, together with a proposed second amended
6  petition, or file an opposition to respondent's motion to dismiss.

7          On April 16, 2010, petitioner filed a second amended petition, asserting the
8  following four grounds for federal habeas relief: (1) the trial court improperly admitted evidence
9  that he told a detective that he possessed drugs for sale; (2) the trial court improperly imposed an
10 aggravated base term and two consecutive sentences based on facts not plead by the government
11 or admitted by petitioner; (3) the trial court improperly admitted evidence of his drug use even
12 though that evidence was speculative and denied him a fundamentally fair trial; and (4) the trial
13 court improperly imposed a sentence based upon the upper term with consecutive terms because
14 no single aggravating factor was established.

15         On April 29, 2010, the court denied respondent's motion to dismiss petitioner's
16 amended petition for failure to exhaust state court remedies as having been rendered moot by the
17 filing of the second amended petition and ordered respondent to file a response to petitioner's
18 second amended petition.  As noted above, respondent has now filed a motion to dismiss the
19 second amended petition as time-barred based on the argument that the claims set forth therein
20 fail to relate back to any timely presented claims pending before the court.  Again, petitioner has
21 not filed an opposition to the most recent motion to dismiss.

22                         **RESPONDENT'S MOTION TO DISMISS**

23         Counsel for respondent argues that petitioner's second amended federal habeas
24 petition is time-barred.  Specifically, counsel argues that petitioner concluded direct review of his
25 judgment of conviction on October 6, 2008, when the United States Supreme Court denied his
26 petition for writ of certiorari.  For purposes of federal habeas review, counsel contends that

1  petitioner had until October 6, 2009, to file his petition with this court.  Counsel argues that
2  petitioner did not file his second amended petition until April 23, 2010, after the one-year statute
3  of limitations for doing so had expired, and that none of his current claims for habeas relief
4  "relate back" to the claims contained in his previously filed federal habeas petitions.  (Resp't's
5  Mot. to Dismiss at 7-12.)
6          With respect to petitioner's current second and fourth claims for habeas relief,
7  counsel argues that petitioner challenges his sentence for the first time in these proceedings.  In
8  this regard, counsel contends that petitioner's second and fourth claims do not "relate back" to
9  any previously presented pending claims.  With respect to petitioner's current first and third
10 claims for federal habeas relief, counsel argues that petitioner may believe that these claims
11 "relate back" to the second, third, or fourth claims set forth in his original petition filed with this
12 court.  However, counsel argues that the claims contained in petitioner's original federal petition
13 were not pending when he filed his second amended petition.  Rather, in counsel's view,
14 petitioner abandoned his original second, third, and fourth claims when he filed his amended
15 petition asserting only one claim for habeas relief relating only to the argument that he never
16 received his <u>Miranda</u> warnings before speaking with a detective.  Finally, counsel argues that it is
17 not possible for petitioner's first and third claims to relate back to that sole claim for habeas
18 relief set out in his amended federal petition because that claim had not been properly exhausted
19 at the time the amended petition was filed.  (Resp't's Mot. to Dismiss at 7-12.)

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

/////

       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies in this case. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A) & (d)(2)

As noted above, on January 31, 2005, a Sacramento County Superior Court jury found petitioner guilty of lewd and lascivious acts upon a minor child in violation of California Penal Code § 288(a). On March 11, 2005, petitioner was sentenced to twelve years in state prison. After unsuccessfully challenging his conviction on appeal in state court, petitioner filed a petition for writ of certiorari in the United States Supreme Court. On October 6, 2008, the United States Supreme Court denied the petition.

For purposes of federal habeas review, petitioner's conviction became final on October 6, 2008. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on October 7, 2008, and expired one year later on October 6, 2009. Under the

mailbox rule, petitioner timely filed his original petition in this case on August 21, 2009. He also timely filed his amended petition on September 23, 2009. However, petitioner filed his second amended petition on April 16, 2010, after the AEDPA statute of limitations had expired.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). Here, petitioner is not entitled to statutory tolling because he did not file any petitions for writ of habeas corpus in state court. Accordingly, the claims in petitioner's second amended petition are untimely, unless they relate back to the claims in petitioner's original petition.

III. Relation Back of New Claims

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings to the extent that the practice in the proceedings is not governed by federal statute, the Rules Governing Section 2254 Cases, and the Rules Governing Section 2255 Cases).

Under Rule 15(c) of the Federal Rules of Civil Procedure, a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to

specify all grounds for relief available to the petitioner and state the facts supporting each ground. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact).

In this case, as counsel for respondent observes, in petitioner's second and fourth claims for habeas relief set out in his second amended petition he for the first time in these proceedings challenges his sentence. Nowhere in his original or in his amended federal habeas petition does he challenge his sentence. The second and fourth claims of petitioner's second amended petition do not arise from the same "conduct, transaction, or occurrence" as any of the claims presented in his original or amended petitions. Mayle, 545 U.S. at 656. Accordingly, these claims do not relate back to timely submitted claims, are time-barred and should be dismissed.

On the other hand, in the first claim of petitioner's second amended petition, he claims that the trial court improperly admitted evidence that he told a detective that he possessed drugs for sale. In petitioner's view, this evidence unfairly impaired his credibility and reduced the prosecution's burden of proof. In the fourth claim of petitioner's original petition, he asserted a virtually identical claim. In this regard, the court must conclude that the first claim for relief set out in the second amended petition and the fourth claim of the original, timely filed petition, rely on the same legal theory and arise from the same "core of operative facts." Mayle, 545 U.S. at 664. Accordingly, the first claim of petitioner's second amended petition relates back to the timely filed original petition and is not time-barred.

Likewise, liberally construing the third claim of petitioner's second amended petition, he claims therein that the trial court improperly admitted evidence of his drug use even

though the evidence was speculative and extremely prejudicial. In petitioner's view, the evidence deprived him of a fundamentally fair trial. Similarly, in the second claim of petitioner's original petition, he asserted that the trial court admitted speculative evidence of him using "meth" and denied him a fundamentally fair trial. The court finds that these claims also relate to events of the same "time and type." Mayle, 545 U.S. at 657. Accordingly, the third claim for relief in petitioner's second amended petition relates back to the timely filed original petition and is not time-barred.

Finally, counsel for respondent argues that the first and third claims of petitioner's second amended petition cannot "relate back" to his second, third, or fourth claims in his original petition because he abandoned those claims when he filed his amended petition asserting only one claim regarding self-incrimination. This court disagrees. As the Ninth Circuit has recognized, "Abandonment has a specific meaning in the law: 'The relinquishing of a right or interest with the intention of never again claiming it.'" Buchanan v. Farwell, No. 04-15297, 2009 WL 118940 at *1 (9th Cir. Jan. 13, 2009)[3] (quoting Black's Law Dictionary 2 (8th ed. 2004)). It is not at all clear that the pro se petitioner in this case intended to abandon the claims in his original petition when he filed his amended petition. See Headley v. Ercole, No. 9:07-CV-979 (FJS/GHL), 2010 WL 3808685, at *2 (N.D.N.Y. Sept. 22, 2010) ("[A]fter a review of the amended petition, it was unclear whether Petitioner intended to abandon two particular claims in his original petition or whether his amended petition was intended to supplement the original petition. [citation omitted.] Therefore, the Court provided Petitioner with an opportunity to file a second amended petition.")

In fact, as noted above, petitioner explained to the court in response to respondent's motion to dismiss for failure to exhaust that he was not aware that he could not raise "new grounds" (i.e., unexhausted grounds) and requested an extension of time to file a

---

[3] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

second amended petition. Petitioner then filed a second amended petition reasserting two of the claims from his original petition. In this regard, counsel's argument that petitioner abandoned or intended to relinquish the claims in his original petition is simply not supported by the record.

**OTHER MATTERS**

Counsel for respondent has informed the court that Anthony Hedgpeth is now the Warden of Salinas Valley State Prison and requests that the court substitute Warden Hedgpeth as respondent in this matter. Good cause appearing, the court will grant respondent's request.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondent's June 24, 2010 request to substitute Warden Anthony Hedgpeth as respondent in this action (Doc. No. 26) is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Warden Anthony Hedgpeth is the respondent in this action.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition as untimely be granted in part and denied in part as follows:

1. Respondent's June 24, 2010 motion to dismiss petitioner's second and fourth claims as time-barred (Doc. No. 26) be granted; and

2. Respondent's June 24, 2010 motion to dismiss petitioner's first and third claims as time-barred (Doc. No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole2549.157